United States District Court
Southern District of Texas
**ENTERED**
May 10, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| AURORA RAMIREZ LEIJA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:16-CV-249 |
| § | |
| SHELL ISLAND CRUISES, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff in this case, Aurora Leija ("Leija"), alleges that she was injured when a boat on which she was riding "crashed into multiple items" in the Port of Panama City, Florida (Dkt. 1 at p. 2). The vessel, the ASHLEY GORMAN, is owned by defendant William Gorman ("Gorman"); and it takes tourists who are visiting Panama City on short trips to snorkel and watch dolphins (Dkt. 31-9 at pp. 1–3). Leija, a Houston resident, has sued Gorman, a Florida resident, and several Florida business entities that Gorman owns; Leija's complaint explains that she filed suit in this division because she resides in the Southern District of Texas (Dkt. 1 at pp. 1–2). The defendants have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction (Dkt. 9).

Jurisdictional discovery, including a deposition of Gorman, has been conducted and has by all indications borne out the defendants' claims that contacts with Texas sufficient to allow this Court to exercise jurisdiction over them are lacking. Leija, who

1 / 6

has not even responded to the defendants' motion, seems to concede as much.[1] However, Leija has taken the position that the defendants have waived their jurisdictional challenge and that, even if there is no waiver, this Court is barred from ruling on the jurisdictional challenge by a limitation of liability action that is pending in Florida. For the reasons given below, the Court disagrees with Leija and will grant the defendants' Rule 12(b)(2) motion.

### I. THE DEFENDANTS DID NOT WAIVE THEIR CHALLENGE TO PERSONAL JURISDICTION IN THIS COURT.

After filing this Rule 12(b)(2) motion, the defendants filed a limitation of liability action in the Northern District of Florida. *See* Northern District of Florida Case Number 5:17-CV-95. Rule F(1) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Admiralty Rules") required Gorman to file that limitation of liability action "[n]ot later than six months after receipt of a claim in writing," a deadline which the defendants met. The defendants' rationale for filing in the Northern District of Florida was that the substantive action on which the defendants seek to limit liability—this lawsuit, in other words—should have been brought in that district, not this one, and that the defendants did not want to risk waiving their challenge to personal jurisdiction in this Court. Leija filed a motion requesting that Judge Hinkle of the Northern District of Florida either dismiss the limitation of liability action or transfer it to this Court under Rule F(9) of the Admiralty Rules. Rule F(9) provides that, when a vessel has not been

---

[1] Under a briefing order entered by Magistrate Judge Froeschner, Leija's deadline to respond to the defendants' 12(b)(2) motion was over a year ago (Dkt. 16).

attached or arrested, venue in a limitation of liability action involving that vessel is proper in any district in which the owner of the vessel has been sued on one or more claims on which the vessel owner seeks to limit liability. Judge Hinkle stayed the limitation of liability action and allowed the parties to seek rulings from this Court regarding, among other issues, whether this Court can exercise personal jurisdiction over the defendants and whether venue for the limitation of liability action is proper in the Northern District of Florida. Judge Hinkle explained that this Court should address those matters because this case—which is, again, the substantive action on which the defendants seek to limit liability—was pending when the limitation of liability action was filed.

Leija argues that Gorman "filed a limitation [of liability] action and invoked the protection of a federal district court and thereby waived his right to challenge [personal] jurisdiction" in this Court (Dkt. 32 at p. 6). Leija's position is essentially that, since the defendants filed a limitation of liability action in a federal district court, they have waived the right to challenge personal jurisdiction in any federal district court in any matter related to that limitation of liability action. Leija's statement of the law is plainly incorrect; a party does not waive the right to contest personal jurisdiction in one forum by seeking relief in a related matter in a different forum. *See PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 459–61 (5th Cir. 2001) ("This is not a case in which the party seeking to avoid the court's jurisdiction has chosen to commence the action or a related action in the very forum in which it is contesting personal jurisdiction[, or a case] in which the party contesting jurisdiction has asserted

counterclaims for affirmative relief[, or a case] in which a party has litigated extensively on the merits before making any jurisdictional objections."); *Brokerwood International (U.S.), Inc. v. Cuisine Crotone, Inc.*, 104 Fed. App'x 376, 379–81 (5th Cir. 2004) (holding that a party did not waive its challenge to personal jurisdiction in a lawsuit when it filed an answer in that lawsuit, served initial disclosures, served discovery requests, moved to strike the plaintiff's jury demand, and moved for a continuance of the trial date); *see also Marcantonio v. Primorsk Shipping Corp.*, 206 F. Supp. 2d 54, 59 (D. Mass. 2002) (holding that a party did not waive its challenge to personal jurisdiction in the District of Massachusetts by filing a compulsory cross-claim in a related limitation of liability action in the District of Maine; the "two cases were filed in two distinct district courts"). There is no basis for finding that the defendants have waived their challenge to personal jurisdiction in this Court.

## II. THIS COURT HAS THE POWER TO RULE ON THE DEFENDANTS' MOTION TO DISMISS.

Leija's alternative argument is more difficult to follow, but she claims that the defendants' limitation of liability action in Florida "prevents this Court from adjudicating [the] motion to dismiss [for lack of personal jurisdiction]" (Dkt. 32 at p. 7). Leija cites *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009), and points out that a limitation of liability action generally stays all other suits against the shipowner and that "all claims should [generally] be litigated in the limitation proceeding." *Ackerson*, 589 F.3d at 209. From there, Leija argues that this case is stayed and, as far as this Court can tell, further argues that this Court should tell Judge Hinkle to lift the stay in the Florida

action and either dismiss that action or transfer it here because venue in the limitation of liability action is only proper here.

The Court disagrees with Leija. *Ackerson* provides no guidance regarding how courts should proceed when a vessel owner challenges amenability to suit in one forum and files a limitation of liability action in another. The caselaw indicates that Admiralty Rule F(9) allows some play in the joints when one court is presiding over a limitation of liability action and another court is presiding over a related action in which the vessel owner is contesting personal jurisdiction. Two cases from the Eastern District of Louisiana exemplify this flexibility. In the most analogous case to this one that the Court could find, the Eastern District of Louisiana announced that it would wait and see whether it should retain a limitation of liability action or transfer it to the Southern District of Texas, depending on whether the Texas state court in which the vessel owner had been sued found that it could exercise personal jurisdiction over the vessel owner. *In re Complaint and Petition of LaFourche Tugs, Inc.*, Civil Action No. 94-3752, 1995 WL 91150, at *2 (E.D. La. Feb. 27, 1995). On the other hand, in an earlier opinion, the Eastern District of Louisiana itself examined the vessel owner's amenability to suit in the other forum (the Southern District of New York) and dismissed the limitation of liability action because "the facts amply disclose[d] a considerable doing of business in the State of New York." *In re Bloomfield Steamship Co.*, 227 F. Supp. 615, 618–19 (E.D. La. 1964). The *LaFourche* opinion distinguished *Bloomfield*'s approach on the basis that the *LaFourche* court, unlike the *Bloomfield* court, "d[id] not have sufficient information before it to make a determination as to whether [the vessel owner] lack[ed] sufficient

minimum contacts with" the forum in which the vessel owner had been sued. *LaFourche*, 1995 WL 91150, at *2. The Court sees no material difference between the *LaFourche* court's approach and that taken by Judge Hinkle here. It was perfectly permissible for Judge Hinkle to stay the Florida proceeding and allow this Court to rule on the defendants' Rule 12(b)(2) motion.

As for the merits of the Rule 12(b)(2) motion, Leija has effectively conceded that the defendants lack contacts with Texas sufficient to allow this Court to exercise jurisdiction over them. The stay in this case is **LIFTED**, and the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction (Dkt. 9) is **GRANTED**. This case is **DISMISSED** without prejudice for lack of personal jurisdiction. A separate final judgment will issue.

SIGNED at Galveston, Texas, this 10th day of May, 2018.

_____
George C. Hanks Jr.
United States District Judge